## STATE v. ROY BUCKNER.

(Filed 20 December, 1922.)

**Criminal Law—Evidence—Identity—Nonsuit—Trials.**

> Where the prisoner is being tried for violating the criminal law upon the question of his identity, as one who participated in the commission of the crime charged, but who broke away from the officer, the testimony of the officer, on cross-examination, that he could be mistaken, but the prisoner looked very much like the one, and that to the best of his knowledge and belief he was the same as the one upon whose face he had flashed the searchlight, is sufficient to sustain a verdict of guilty with the other evidences of identity introduced at the trial, unobjected to by the prisoner.

APPEAL by defendant from *Shaw, J.,* at February Term, 1922, of BUNCOMBE.

Criminal prosecution, tried upon an indictment charging the defendant with receiving, keeping in his possession for sale, and transporting spirituous liquors in violation of law.

From an adverse verdict, and judgment pronounced thereon, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Reynolds, Reynolds & Howell for defendant.*

STACY, J.   The defendant's first and second exceptions are directed to his Honor's refusal to grant his motion for judgment as of nonsuit, made first at the close of the State's evidence, and again at the close of all the evidence.

J. F. Phipps, a witness for the State, testified that on the night of 13 January, 1922, he and a fellow-officer arrested two men, one named Melton and the other Sneed, in a box car at Hot Springs, N. C., and that a third person, who looked like the defendant, "broke loose from us and was not arrested at that time." The three men had approximately 10 gallons of liquor in their possession, divided into three cans, and the two were arrested between 12:30 and 1 o'clock in the morning. Melton was too drunk to run. On cross-examination, the witness stated that he could be mistaken as to the identity of the defendant, but that he looked very much like the boy, and that to the best of his knowledge and belief Roy Buckner was the one "he had hold of and flashed a light in his face." There was other positive evidence of identification, of a hearsay nature, it is true, but admitted without objection. This was sufficient to carry the case to the jury.

The other exceptions are only formal.

No error.